UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:20-cr-00038

———

**United States of America**

v.

**Chris Alan Irby, Jr.**

———

# ORDER

Defendant's unopposed motion to continue the trial, Doc. 19, is **granted**. The new deadlines and court settings are as follows:

- Deadline for pretrial motions (except motions for continuance): Nov. 30, 2020
- Deadline to file motion for continuance or notify the court of a plea agreement: Dec. 7, 2020 at 12:00 p.m.
- Pretrial conference: Jan. 4, 2021 at 9:30 a.m.
- Jury selection and trial: Jan. 5, 2021 at 9:30 a.m.

A speedy trial is desirable, but "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Considering the factors listed in 18 U.S.C. § 3161(h)(7), the ends of justice served by this continuance outweigh the interest of the public and the defendant in a speedy trial. In this case, defendant's counsel reports that additional time is needed "to engage in the review, analysis, preparation, assimilation, and negotiation contemplated by the requirements of effective assistance of counsel under the Fifth and Sixth Amendments to the U.S. Constitution." Doc. 19 at 4. In addition, the defendant's

counsel needs additional time "to establish the sort of attorney-client relationship where communication and trust flow freely." *Id.* at 3. Failure to grant a continuance would create an appreciable likelihood of a miscarriage of justice by failing to give Irby and his appointed attorney enough time to prepare Irby's case. This continuance will ensure counsel the reasonable time necessary for effective preparation, considering due diligence. Therefore, the period of delay that will result from this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7).

*So ordered by the court on October 6, 2020.*

J. CAMPBELL BARKER
United States District Judge