IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 6:20-CR-38 |
| CHRIS ALAN IRBY, JR. | § § | |

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF
<u>PERSONALLY IDENTIFIABLE INFORMATION</u>**

THIS CAUSE having come before the Court on the United States' Motion for Entry of a Protective Order, in order to comply with the Standing Discovery Order, and the Court being duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect personally identifiable information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under the Standing Discovery Order and Rule 16 of the Federal Rules of Criminal Procedure, and with the consent of the parties, ORDERED:

1. **Production of Personally Identifiable Information.** The United States may produce certain documents and materials containing personally identifiable information and other information which may lead to the determination of the identity of cooperating witnesses or other legally protected individuals.

(1)     to the defendants, pursuant to the United States' discovery obligations.  The United States shall produce these documents and materials unredacted, except as to the specific identity of any cooperating witnesses or other legally protected individuals, to the defendants.  Upon producing these documents to the defendants, the United States shall designate them as "confidential" in the manner set forth below.  The defendants, including their counsel and their personnel, may use these documents only for the purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty agrees to the terms of this Order.  The defendants shall not file these documents with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.  Following the final conclusion of this litigation, including any post-conviction proceedings, the defendants shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other materials and documents containing information from the designated confidential documents, to counsel for the United States, or, in the alternative, shall retain the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other materials and documents containing information from the designated confidential documents, in a manner consistent with the terms of this Order.

(2)     **Designation of Material Subject to this Protective Order.**  To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover,

by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

(3) **Personally Identifiable Information in Open Court.** The procedures for use of the designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the individual's name or other identifying information, request that any exhibit be placed under seal, or introduce summary evidence where practicable which may be more easily redacted. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(4) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(5) **No Waiver.** The failure to designate any materials as provided in paragraph two shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

So ORDERED and SIGNED this 9th day of October, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE