UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cr-00038

**United States of America**

v.

**Chris Alan Irby, Jr.**

### ORDER

Defendant's unopposed motion to continue the trial, Doc. 24, is **granted**. The new deadlines and court settings are as follows:

- Deadline for pretrial motions (except motions for continuance):  Feb. 4, 2021
- Deadline to file motion for continuance or notify the court of a plea agreement:  Feb. 8, 2021 at 12:00 p.m.
- Pretrial conference:  March 4, 2021 at 1:30 p.m.
- Jury selection and trial:  March 8, 2021 at 9:30 a.m.

A speedy trial is desirable, but "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Considering the factors listed in 18 U.S.C. § 3161(h)(7), the ends of justice served by this continuance outweigh the interest of the public and the defendant in a speedy trial. In this case, defendant's counsel reports that additional time is needed "to make appropriate decisions as to which, if any, Pretrial Motions should be filed on behalf of the Defendant." Doc. 24 at 3. In addition, the defendant's counsel needs additional because "Defendant's counsel tested positive for COVID-19 and is unable to assist

the Defendant during the period of time the virus runs its course and the period of time of counsel's convalescence immediately following." *Id*. Failure to grant a continuance would create an appreciable likelihood of a miscarriage of justice by failing to give Irby and his appointed attorney enough time to prepare Irby's case. This continuance will ensure counsel the reasonable time necessary for effective preparation, considering due diligence. Therefore, the period of delay that will result from this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7).

*So ordered by the court on November 30, 2020.*

J. CAMPBELL BARKER
United States District Judge